[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 27, 1967 in Bridgeport, Connecticut. They have resided continuously in this State, since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-81 and 46b-82 of the Connecticut General Statutes in reaching its decision reflected in the orders that follow.
Up until 1988, the parties had a good marriage. The defendant husband was gainfully employed, sometimes working a second job to supplement the family income. The plaintiff took care of the home, raised their two children, (both adopted), and was gainfully employed outside the home.
When the plaintiff's mother died in 1988, the plaintiff went through a personality change. The plaintiff indicated she had difficulty in coping with her mother's death. The plaintiff was hospitalized on two occasions after 1988 with a nervous breakdown.
During the course of this two day trial, the plaintiff had a clear understanding of the proceedings. She answered all questions put to her and was able to ask questions on matters she did not understand.
The plaintiff filed a dissolution action in 1990 but the parties later reconciled. Thereafter, the plaintiff left the defendant in June 1993 and commenced this action in August 1993.
The two children continued to live with the defendant in the marital home. CT Page 5826
The plaintiff has been gainfully employed through Partners in Care Inc., as a home care aide. During the month of April 1993 she was able to earn approximately $315. per week. When she worked as a live-in aide in February 1994 she earned $82/day for a 7 day week. The plaintiff's last hourly rate was $7.50 per hour plus mileage. The plaintiff is qualified for employment in the homemaking fields.
The plaintiff also has skills as a legal/corporate secretary and office worker. She is 48 years of age and indicated that the medication she is taking does not interfere with her working. The plaintiff has been gainfully employed since she separated from her husband in June 1993. Her financial affidavit prepared in court indicated her monthly and weekly expenses were current. Plaintiff had one liability of $500.
The defendant is 50 and in good health. He is a corporate accountant earning approximately $37,000 per year. He has continued to maintain the marital home for himself and the two children who currently reside there. The daughter is presently attending college. The son dropped out of High School but plans to return in September 1994 to complete his high school education and pursue a college degree.
The defendant has filed a post eighteen obligation with respect to the college education and medical coverage for both children.
No useful purpose would be served by a review of the evidence presented a trial. Each party claimed verbal and physical abuse by the other. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their marital relationship.
The court has carefully considered all the appropriate statutory criteria in entering the following orders.
A. REAL ESTATE
 I. CONDOMINIUM
1. The condo located at 31D Nob Hill Avenue, Bridgeport, Connecticut shall be placed on the market for sale forthwith. CT Page 5827
2. The fair market value of said premises shall be determined by an appraisal agreeable to both the plaintiff and the defendant. If the parties cannot agree, one appraiser shall be selected by the husband and one appraiser shall be selected by the wife and a third appraiser shall be selected by the two appraisers who shall then determine the fair market value of the property by a majority decision. The decision of the appraisers shall be binding on the plaintiff and the defendant.
3. The parties shall accept any offer within 5% of the listing price.
4. The defendant shall continue to collect the rental income from the condo and shall continue to pay the mortgage, taxes and condo maintenance charges as he has been doing.
5. From the gross proceeds of the sale of the condo, there shall be paid the balance of the mortgage, real estate commission and fees, usual closing costs, attorney's fees and an award of counsel fees of $1500 to the plaintiff. The net proceeds shall be then equally divided between the parties, one-half to the plaintiff and one-half to the defendant.
6. The parties shall also be equally responsible for any capital gains tax on a 50/50 basis.
7. The court shall retain jurisdiction over any disputes in connection with the sale of the condo.
II. MARITAL HOME
1. The defendant shall continue to have exclusive possession the marital home located at 211 Lenore Drive, Shelton, Connecticut.
2. Six years from date, the said real estate shall be placed on the market for sale at an agreed upon price. The fair market value of sad premises shall be determined by an appraiser agreeable to both the plaintiff and the defendant. If the parties cannot agree, the plaintiff shall select an appraiser and the defendant shall select an appraiser. The two appraisers shall then select a third appraiser. The three appraisers shall determine the fair market value of the property by a majority decision, which decision shall be binding on the parties. CT Page 5828
3. The parties shall accept any offer within 5% of the listing price.
4. Until the property is sold, the defendant shall be solely responsible for the first mortgage, the equity loan, taxes, homeowner's insurance and utilities.
5. Commencing with the year 1994, the defendant shall be entitled to claim for tax purposes all interest payments and taxes in connection with this property.
6. At the time of closing, the defendant shall receive credit for the reduction in principal of the first mortgage and the equity line of credit.
7. The defendant shall be responsible for repairs under $750 per year cumulatively.
8. Major repairs in excess of $750 per year shall be paid by each party in accordance with their respective percentage interest of ownership in said real estate. Neither party shall incur any major repair without the consent of the other, except in the case of an emergency, which consent shall not be unreasonably withheld.
9. At the time of the closing, after the payment of the first mortgage, the payment of the equity loan, the real estate commission, attorneys' fees and usual closing costs, the net proceeds shall be divided 40% to the plaintiff and 60% to the defendant. The court has considered the financial contributions of the defendant and his parents as well as the defendant's obligation to assist both children with their college educations.
10. Any capital gains tax snail be apportioned 40% to the plaintiff and 60% to the defendant.
11. Appropriate deeds shall be prepared and executed to indicate the plaintiff's 40% interest and the defendant's 60% interest in the marital home. In the event the parties fail to execute the appropriate deeds, then title shall pass in accordance with § 46b-81 (a) C.G.S., 40% to the plaintiff and 60% to the defendant.
12. The court shall retain jurisdiction over any disputes arising out of the sale of this real estate. CT Page 5829
B. ALIMONY
1. The court finds that the plaintiff has an ability and a capacity to earn. If she continued in the home making field, she is dependent on the agency to provide clients. The court desires to be sure the plaintiff will have a steady source of income and it may take some time for the plaintiff to firm up her position with the agency. The plaintiff indicated she was also making endeavors to obtain other employment. The plaintiff will be receiving some monies when the condo is sold and, six years from now when the marital home is sold, the plaintiff will receive a sum of money from the proceeds of that sale.
2. The defendant shall pay to the plaintiff as periodic alimony the sum of $50 per week for a term of six years or the plaintiff's earlier remarriage or death. Said term of six years shall be non-modifiable. Said term coincides with the sale of the marital home at 211 Lenore Drive, Shelton, Connecticut, and will allow the plaintiff six years to establish herself in her employment either in the aide field or in the secretarial business field.
C. PERSONAL PROPERTY
 I. MOTOR VEHICLES
1. The 1990 Chevrolet and the 1981 Ford and the 1983 Saab used by the son, shall remain the exclusive property of the defendant.
2. The 1988 Honda shall be the exclusive property of the plaintiff. The defendant shall execute the necessary documents within two weeks of date.
II. MISCELLANEOUS PROPERTY
1. The plaintiff shall be entitled to the items listed on "Exhibit A — Plaintiff's Sole Interest" except for the stereo components which shall be the property of the defendant.
2. The items listed under "Joint Interest" shall belong to the plaintiff except for the following, which are awarded to the defendant: CT Page 5830
 Dining room set Dining room hutch with contents Farberware coffee pot 1/2 the linens, towels, et cetera Pie safe
D. OTHER PROPERTY
The defendant shall be entitled to his 401(k) plan and his pension plan. The defendant shall be entitled to the other assets as shown on his financial affidavit and in his possession, unless otherwise disposed of herein.
E. MEDICAL COVERAGE
The plaintiff shall be entitled to such COBRA rights as are available through the defendant's medical coverage. The plaintiff shall be responsible for any cost or expense.
F. DEBTS
Each party shall be responsible for the debts as shown on their financial affidavits.
G. POST-EIGHTEEN OBLIGATION
The defendant's Stipulation Re: Post-Eighteen obligations has been filed with the court. Said stipulation is approved and entered as an order.
Coppeto, J.